UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

DARREN D. GHOLSON AKA TAQUAN ROBINSON,

**ANSWER**

Plaintiff,

Jury Trial Demanded

-against-

07 Civ. 5894 (GBD)

NEW YORK CITY DEPARTMENT OF CORRECTION,
CITY OF NEW YORK,

Defendants.

------------------------------------------------------------------------- x

The City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel

of the City of New York, for its answer to the complaint, respectfully alleges, upon information

and belief, as follows[1]:

1.     Denies the allegations set forth in paragraph "1" of the complaint, except

admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

2.     Denies the allegations set forth in paragraph "2" of the complaint, except

admits plaintiff purports to proceed as stated therein.

3.     Denies the allegations set forth in paragraph "3" of the complaint, except

admits plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4.     Denies the allegations set forth in paragraph "4" of the complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "5" of the complaint, except admits plaintiff is a prisoner

in custody of the New York State Department of Correctional Services.

---

[1] Upon information and belief, and after reviewing the Court's docket sheet, named
defendant New York City Department of Correction has not been served with a summons and
complaint in this action; accordingly, no responsive pleading is due at this time.

6.      Admits the allegations set forth in paragraph "6" of the complaint.

7.      Defendant states that the allegations in paragraph "7" of the complaint constitute legal conclusions to which no response is required, except defendant respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Department of Correction.

8.      Denies the allegations set forth in paragraph "8" of the complaint and respectfully state the averment is incomprehensible.

9.      Denies the allegations set forth in paragraph "9" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations against unnamed defendants.

10.     Denies the allegations set forth in paragraph "10" of the complaint, except admits plaintiff purports to proceed as stated therein.

11.     Denies the allegations set forth in paragraph "11" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations against unnamed defendants.

12.     In response to the allegations set forth in paragraph "12" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "11" inclusive of this answer, as if fully set forth herein.

13.     Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was an inmate at the Vernon C. Bain Center at 1 Halleck Street, Bronx, New York.

14.     Denies the allegations set forth in paragraph "14" of the complaint.

15.     Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was taken to Bellevue Hospital after the incident on November 15, 2006, and denies knowledge or information sufficient to form a belief as to whether "plaintiff was been under continual doctor's care"(sic) since that date.

16.     Denies the allegations set forth in paragraph "16" of the complaint.

17.     Denies the allegations set forth in paragraph "17" of the complaint.

18.     Admits the allegations set forth in paragraph "18" of the complaint.

19.     Denies the allegations set forth in paragraph "19" of the complaint, except admits plaintiff purports to proceed as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

20.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

21.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

22.     At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

23.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

24.     Plaintiff has failed, in whole or in part, to comply with New York General Municipal Law § 50-e.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

25.    Plaintiff provoked any incident.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

26.    Plaintiff cannot recover punitive damages from defendant City of New

York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

27.    Plaintiff failed in whole or in part to exhaust his administrative remedies

as required by the Prison Litigation Reform Act (PLRA).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

28. Plaintiff's claims for attorney's fees are subject to the terms of the PLRA, 42

U.S.C. §1997e(d).

**WHEREFORE,** defendant City of New York requests judgment dismissing the

complaint in its entirety, together with the costs and disbursements of this action, and such other

and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 8, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 3-141
New York, New York 10007
(212) 788-0869


By: _____

JORDAN M. SMITH (JS 7186)
Assistant Corporation Counsel

- 4 -

To:    Winston B. Rouse, Esq. (by ECF)
       901 Sheridan Avenue
       Bronx, NY 10451